Henderson, Chief-Justice.
 

 The principle of the case of
 
 Harrison
 
 v. Ward, decided at this term,
 
 (ante p.
 
 417) governs this ; indeed it goes farther, for in that case, there was a return as administrator, here there was none as guardian. There is not the least proof here, that the money due to the. relator, was at any time at, or after J. J,
 
 Carrington’s
 
 appointment as guardian, in his hands. There is no return even acknowledging it as a debt, nothing but a bare presumption, that he then had it, because it was his duty to have had it, and this presumption, if it arises, is in a great measure repelled by his not producing it when afterwards called on. The evidence offered by the defendant, or rather relied on by him, for it is the relator’s evidence, only proves that he ought to have, not that he actually had
 
 *531
 
 it. This would be presuming too much in order to apply the judge’s maxim, for had the defendant actually shown that the administrator at any time after he became guardian, had this money separated from other money, and marked as the ward’s money, so as to make it the ward’s property, or after two years from his administration, had it marked and labelled as money of the estate ; there would in the case first put, be something wherewith to charge him as guardian, as by such appropriation it became the property of the ward, and in the second case, there would be facts upon which the judge’s rule might operate. Butin the case stated there is nothing to make this sum the property either of his ward, or of the estate, so as to leave room’for a presumption in which character
 
 J. J. Carrington
 
 held it. In
 
 Clancy v. Dickey,
 
 the negroes had been of the.estate, the executor became guardian, and had them in his possession after tlie time in which he could rightfully hold them as executor. The law therefore adjudged, in the absence of positive, proof, that he held them as he rightfully might, viz: as guardian.
 

 Per Curiam. — Judgment reversed.